1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

SKINVISIBLE PHARMACEUTICALS,
INC.,

                    Plaintiff,

v.

SUNLESS BEAUTY, LTD., et al.,

                    Defendants.

2:11-CV-1591 JCM (CWH)

**ORDER**

Presently before the court is plaintiff Skinvisible Pharmaceuticals, Inc.'s ("Skinvisible")
motion for a preliminary injunction.  (Doc. #30).  Defendant Norvell Skin Solutions, LLC
("Norvell") has filed an opposition (doc. #36), to which Skinvisible has replied (doc. #38).

**I.      Background**

Many of the facts and dates integral to this litigation are disputed by the parties.  As such, the
court will only provide a short recitation of the operative facts for background purposes.

On or about October 31, 2007, Skinvisible and defendant Sunless Beauty, Ltd. ("Sunless")
executed a licensing agreement and confidentiality agreement wherein Sunless was granted the right
to distribute, market, sell, and promote Skinvisible's proprietary sunless tanning formulations in a
mitten-type application known as Solerra Mitt.

Pursuant to the licensing agreement, a royalty fee and sales report were due on October 31,
2010 from Sunless.  On or about November 2, 2010, Skinvisible sent an email to Sunless and its

**James C. Mahan**
**U.S. District Judge**

president, defendant Angie Trelstad, regarding the fact that the royalties and sales report were overdue.  On or about November 17, 2010, Skinvisible notified Sunless via registered mail that Sunless had breached the licensing agreement.  On or about December 2, 2010, Skinvisible notified Sunless that pursuant to Article X of the licensing agreement, Skinvisible was cancelling the agreement.

Skinvisible alleges that Trelstad gave Norvell all of Sunless's inventory of proprietary materials used to make Solerra Mitt, and that Norvell began using these proprietary materials and processes to create Mittan, Norvell's own mitten-type sunless tanning application.  Skinvisible alleges that such actions were a violation of the licensing agreement and confidentiality agreement that Trelstad and Sunless entered into with Skinvisible.  Skinvisible also alleges that Trelstad was offered a two-year employment contract with Norvell in return for Trelstad's securing a distribution account for Norvell with Sally Beauty Supply.

Skinvisible filed its complaint against Sunless, Norvell, Trelstad, and others on October 3, 2011, alleging patent infringement, trademark infringement, and misappropriation of trade secrets. Over four months later, on February 9, 2012, Skinvisible filed the instant motion for preliminary injunction, arguing that absent an injunction, Norvell's continued infringement would cause Skinvisible acute and irreversible harm.

**II.    Discussion**

      *1.    Legal Standard*

The Supreme Court has recognized that "a preliminary injunction is an extraordinary and drastic remedy," *Munaf v. Green*, 553 U.S. 674, 676 (2008), that may be issued only "upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  Courts are particularly, cautious in granting such a drastic remedy in the context of patent infringement suits.  *See Progressive Games, Inc. v. Shuffle Master, Inc.*, 69 F. Supp. 2d 1276, 1287 (D. Nev. 1999) (citing *Intel Corp. v. ULSI System Technology, Inc.*, 995 F.2d 1566, 1568 (Fed. Cir. 1993); *High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.*, 49 F.3d 1551, 1554 (Fed. Cir. 1995).

**James C. Mahan**
**U.S. District Judge**

- 2 -

1    In *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388 (2006), the Supreme Court explained that

2    injunctions in patent cases are determined through the same equitable doctrines and test used in other

3    civil actions. *Id.* at 391. Therefore, the to prevail in a motion for injunctive relief, a movant must

4    establish: (1) a likelihood of success on the merits; (2) that it would suffer irreparable harm in the

5    absence of an injunction; (3) that balancing of the parties' relative hardships favors the granting of

6    the injunction; and (4) that an injunction serves the public interest. *Id.*; *see also Winter*, 555 U.S.

7    at 22 ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the

8    merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

9    balance of equities tips in his favor, and that an injunction is in the public interest.").

10        *2.    Analysis*

11    One leading commentary has explained, "Perhaps the single most important prerequisite for

12    the issuance of a preliminary injunction is a demonstration that if it is not granted the applicant is

13    likely to suffer irreparable harm before a decision on the merits can be rendered . . ." C. Wright, A.

14    Miller & M. Kane, Fed. Practice and Procedure § 2948.1, p. 139 (2d ed. 1995). Indeed, where a

15    movant fails to establish irreparable harm, courts have denied the motion without considering the

16    remaining three factors. *See, e.g., Reuters Ltd. v. United Press Intern., Inc.*, 903 F.2d 904, 907 (2d

17    Cir. 1990); *Talk to Mr Products, Inc. v. Lanard Toys, Inc.*, 24 U.S.P.Q.2d (BNA) 1798, 1800, 1992

18    WL 266930 (E.D. N.Y. 1992). The court finds that a preliminary injunction is inappropriate because

19    plaintiffs have failed to establish that irreparable injury is likely in the absence of an injunction. *See*

20    *Winter*, 555 U.S. at 22.

21        (a)    Is Plaintiff Entitled to a Presumption of Irreparable Harm?

22    The parties spill considerable ink arguing whether this court must presume irreparable harm

23    if plaintiff successfully establishes a likelihood of success on the merits. The Federal Circuit applied

24    such a presumption in patent cases, and the parties have different views of whether the presumption

25    applies in light of the Supreme Court's holding in *eBay*. In *eBay*, the Court explained that "broad

26    classifications" and "categorical rule[s]" have no place in the granting of an injunction. 547 U.S.

27    at 393. Instead, courts are to exercise their discretion in accordance with traditional principles of

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

equity.  *Id.* at 394.  The Court, however, did not directly discuss the irreparable harm presumption employed by the Federal Circuit in patent cases.

Subsequent to the *eBay* decision, however, the Federal Circuit reexamined its practice of presuming irreparable harm and found that *eBay* abrogated the presumption.  As explained by the court:

> We take this opportunity to put the question to rest and confirm that *eBay* jettisoned the presumption of irreparable harm as it applies to determining the appropriateness of injunctive relief.  In so holding, we join at least two of our sister circuits that have reached the same conclusion as it relates to a similar presumption in copyright infringement matters. *See Perfect 10, Inc. v. Google, Inc.*, 653 F.3d 976, 981 (9th Cir. 2011) ("[W]e conclude that our longstanding rule that a showing of a reasonable likelihood of success on the merits in a copyright infringement claim raises a presumption of irreparable harm is clearly irreconcilable with the reasoning of the Court's decision in *eBay* and has therefore been effectively overruled."  (internal quotation marks and citations omitted)); *Salinger v. Colting*, 607 F.3d 68, 76–78 (2d Cir. 2010) (finding that eBay abrogated the presumption of irreparable harm in copyright cases).

*Robert Bosch LLC v. Pylon Mfg. Corp*., 659 F.3d 1142, 1149 (Fed. Cir. 2011).  The *Bosch* court's citation to the Ninth Circuit's holding in *Perfect 10* is especially relevant to the issue, it provides authoritative guidance relating to the Ninth Circuit's view of the continued vitality of presumptions in the patent injunction context.

As explained previously, the Ninth Circuit has held that *eBay* has "effectively overruled" the Ninth Circuit's rule that a "showing of a reasonable likelihood of success on the merits in a copyright infringement claim raises a presumption of irreparable harm."  *Perfect 10, Inc.*, 653 F.3d at 981; *see also Flexible Lifeline Sys., Inc. v. Precision Lift, Inc.*, 654 F.3d 989, 995 (9th Cir. 2011).  As explained in more recent cases, *eBay* did not only overrule the presumption in the copyright context, but also (and more directly) in the patent context.  *See Flexible Lifeline Sys., Inc. v. Precision Lift, Inc.*, 654 F.3d 989, 996 (9th Cir. 2011) ("Thus, under *eBay*, a presumption of irreparable harm is equally improper in a case based on copyright infringement as it is in a case based on patent infringement.").  Accordingly, this court finds that plaintiff does not enjoy a presumption of irreparable harm even if it were to establish a likelihood of success on the merits.

(b)     Has Plaintiff Established Irreparable Harm?

In the absence of a presumption, this court cannot find that plaintiff would suffer irreparable

James C. Mahan
U.S. District Judge

- 4 -

harm.  While the parties' settlement negotiations may excuse plaintiff's delay in moving for a preliminary injunction (over nine months elapsed between when the plaintiff first learned of the alleged infringement and sought the injunction – including an over four month delay between when the suit was brought and the instant motion filed), the court finds no reason why plaintiff's legal remedy is insufficient to cure any possible harm.  Plaintiff's motion for a preliminary injunction summarizes its position with regards to the irreparable harm requirement in terms of only money damages.  The motion explains:

> There can be no doubt that Skinvisible will suffer irreparable harm if this Court denies it injunctive relief against Trelstad and Norvell.  Skinvisible has and will continue to lose considerable revenue as a result of Trelstad's employment with Norvell and Norvell['s] manufacturing and marketing of products using Skinvisible's proprietary, trademarked and patented formulas and products.

Mot. Prelim. Inj. 11:13-17. Such claims make clear that the harm plaintiff complains of is financial. Money damages are adequate to cure such a harm. *See Lydo Enter., Inc. v. City of Las Vegas*, 745 F.2d 1211, 1213 (9th Cir.1984) (explaining that if money damages or other relief granted in the ordinary course of litigation can adequately compensate the plaintiff, irreparable injury probably will not follow the denial of a preliminary injunction); *Los Angeles Memorial Coliseum Comm'n v. National Football League*, 634 F.2d 1197, 1202 (9th Cir.1980) (noting that purely monetary injuries normally are not considered irreparable).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for a preliminary injunction (doc. # 30) be, and the same hereby is, DENIED.

DATED March 27, 2012.

_____

**UNITED STATES DISTRICT JUDGE**