UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SKINVISIBLE PHARMACEUTICALS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SUNLESS BEAUTY, LTD., et al., <br><br> Defendants. | 2:11-CV-1591 JCM (CWH) |

**ORDER**

Presently before the court is plaintiff Skinvisible Pharmaceuticals, Inc.'s ("Skinvisible") motion for default judgment against defendants TMTA, LLC, Sunless Beauty, Ltd., Angie Trelstad, individually, and as a member and manager of TMTA, LLC, and as president of Sunless Beauty, Ltd. (Doc. #30).[1] Defendants have not replied.

Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Federal Rule of Civil Procedure 55(b)(2) provides that "a court may enter a default judgment after the party seeking default applies

---

[1] The court notes that though the clerk of the court entered a notice of default as to defendant Sunless Beauty, Ltd. on January 9, 2012, it is not clear whether the instant motion seeks default judgment against Sunless Beauty. A single sentence in the motion appears to include Sunless Beauty in plaintiff's motion, but neither the title of the motion, nor its prayer for relief, request judgment against Sunless Beauty. Accordingly, the court does not interpret the motion as seeking any relief against Sunless Beauty.

**James C. Mahan**
**U.S. District Judge**

1  to the clerk of the court as required by subsection (a) of this rule."

2  Plaintiff's motion seeks entry of default against defendants on the grounds that each has
3  failed to file an answer to the complaint. The clerk of the court entered notice of default as to
4  defendant TMTA and Trelstad on December 20, 2011. Subsequently, on January 20, 2012,
5  defendant Trelstad filed an answer to the complaint (doc. #28).

6  In light of defendant Trelstad's continued attempts to appear in this matter and defend against
7  Skinvisible's accusations, (*see* docs. #12, #13, #28), this court does not find that default judgment
8  as to Ms. Trelstad, in any of her capacities, is appropriate. *See Direct Mail Specialists, Inc. v. Eclat*
9  *Computerized Tech., Inc.*, 480 F.2d 685, 689 (9th Cir. 1988) (No default can be entered where a
10 defendant has indicated an intent to defend the action).

11 With regards to TMTA, while default judgment is appropriate at this juncture, the court does
12 not find that plaintiff has sufficiently carried its burden of establishing the exact amount of damages.
13 As this case will remain pending against the other defendants, including defendant Norvell (which
14 is represented by counsel and has made several appearances thus far), the court finds no need to
15 determine the amount of damages at this time. Rather, the court will enter default judgment against
16 defendant TMTA as to its liability, while deferring a decision regarding damages pending further
17 proceedings.

18 Accordingly,

19 IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion for
20 default judgment (doc. #30) be, and the same hereby is, GRANTED in part and DENIED in part,
21 consistent with the foregoing.

22 DATED April 6, 2012.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 2 -