UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SKINVISIBLE PHARMACEUTICALS, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>SUNLESS BEAUTY, LTD., *et al.*,<br><br>    Defendants. | 2:11-cv-1591-MMD-CWH<br><br>REPORT AND RECOMMENDATION |

   This matter came before the Court for a Show Cause hearing on January 9, 2013. Plaintiff Skinvisible filed its motion to strike (#65) on October 10, 2012. The Court set the motion for hearing and ordered Defendant Angie Trelstad to personally attend. *See* Minute Order (#68). The Court further ordered that a copy of the minute order (#68) be sent to Defendant Trelstad via certified mail. *Id.* On November 1, 2012, the hearing was rescheduled to December 11, 2012. *See* Min. Order (#69). Notice of the new hearing date was mailed to Defendant Trelstad and received on or around November 3, 2012. *See* Cert. of Service (#70). Although ordered to personally appear at the hearing, Defendant Angie Trelstad did not appear.

   Consequently, the Court issued an order for Defendant Trelstad to appear before the undersigned United States Magistrate Judge on **Wednesday, January 9, 2013**, at 9:30 AM in Courtroom 3C, Lloyd D. George U.S. Courthouse, 333 Las Vegas Boulevard South, Las Vegas, Nevada, and show cause why the Court should not impose sanctions, up to and including a recommendation that Defendant's answer be stricken and default entered. *See* Order (#72). Trelstad was expressly warned:

> **FAILURE TO APPEAR AT THE JANUARY 9, 2013 HEARING WILL RESULT IN A RECOMMENDATION THAT DEFENDANT'S ANSWER BE STRICKEN AND DEFAULT ENTERED AGAINST DEFENDANT ANGIE TRELSTAD**

1  *Id*. The order was mailed via certified mail to Plaintiff' last known address and received on or
2  around December 17, 2012. *See* Acceptance of Service (#74).
3        The Show Cause hearing went forward on January 9, 2013. Defendant Trelstad did not
4  appear as ordered or otherwise communicate with the Court or counsel. Thus, the undersigned is
5  left to conclude that Defendant Trelstad has abandoned defense of this case and, therefore, will
6  recommend that Plaintiff's motion to strike (#65) be granted and that Defendant Trelstad's
7  answer be stricken and default entered.

## DISCUSSION

9        The broad, underlying purpose of the Federal Rules is to "secure the just, speedy, and
10 inexpensive determination of every action and proceeding." *See* Fed. R. Civ. P. 1. It is with that
11 charge as a guide that this Court construes and administers the Federal Rules. The Federal Rules
12 provide several mechanisms whereby courts can accomplish this goal through the use of
13 sanctions against a party that fails to comply with the Federal Rules or unnecessarily multiplies
14 the proceedings. Rule 16 is a central pretrial rule that authorizes courts to manage cases "so that
15 disposition is expedited, wasteful pretrial activities are discouraged, the quality of the trial is
16 improved, and settlement is facilitated." *In re Phynylpropanolamine Products Liability*
17 *Litigation*, 460 F.3d 1217, 1227 (9th Cir. 2006). "Subsection (f) puts teeth into these objectives
18 by permitting the judge to make such orders as are just for a party's failure to obey a scheduling
19 or pretrial order, including dismissal." *Id*. Rule 16(f) specifically provides that "[o]n motion or
20 on its own, the court may issue any just orders, including those authorized by Rule
21 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or pretrial
22 conference; (B) is substantially unprepared to participate–or does not participate in good faith–in
23 the conference; or (C) fails to obey a scheduling order or other pretrial order." Rule
24 37(b)(2)(A)(v) provides that: "[i]f a party . . . fails to obey an order to provide or permit
25 discovery . . . the court where the action is pending may issue further just orders . . . . includ[ing]:
26 . . . dismissing the action or proceeding in whole or in part."
27       Dismissal for failure to obey a court order or permit discovery is a harsh penalty and
28 should only be imposed in extreme circumstances. *Malone v. U.S. Postal Serv.*, 833 F.2d 128,

1  130 (9th Cir. 1987). Courts weigh the following five factors when determining whether to
2  dismiss a case for failing to comply with a court order: "(1) the public's interest in expeditious
3  resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the
4  defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the
5  availability of less drastic sanctions." *In re Phynylpropanolamine Products Liability Litigation*,
6  460 F.3d at 1226 (internal citations and quotations omitted). "These factors are not a series of
7  conditions precedent before the judge can do anything, but a way for the district judge to think
8  about what to do." *Id*. (citing *Valley Eng'rs v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir.
9  1998). Although preferred, it is not required that the district court make explicit findings to show
10 that it has considered these factors. *Id*. A dismissal sanction will only be overturned if the
11 reviewing court is left with "a definite and firm conviction that it was clearly outside the
12 acceptable range of sanctions." *Id*. (internal citations and quotations omitted).

13 **1. Expeditious Resolution of Litigation**

14 "Orderly and expeditious resolution of disputes is of great importance to the rule of law.
15 By the same token, delay in reaching the merits, whether by way of settlement or adjudication, is
16 costly in money, memory, manageability, and confidence in the process." *In re*
17 *Phynylpropanolamine Products Liability Litigation*, 460 F.3d at 1227. Here, Defendant has
18 failed to comply with multiple court orders by failing to appear at hearings despite having notice
19 and being expressly warned that failure to appear would result in dismissal. This behavior is
20 inconsistent with Rule 1's directive to "secure a just, speedy, and inexpensive" determination of
21 this action.

22 **2. Court's Need to Manage Its Docket**

23 It has long been recognized that the court's inherent power to control its docket includes
24 the ability to issue sanctions of dismissal where appropriate. *Thompson v. Housing Authority of*
25 *Los Angeles*, 782 F.2d 829, 831 (9th Cir 1986) (citation omitted). As the Supreme Court has
26 held, the sanction of dismissal "must be available to the district court in appropriate cases, not
27 merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter
28 those who might be tempted to such conduct in the absence of such a deterrent." *National*

*Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 642 (1976).

Despite several attempts to allow Defendant to continue to defend this matter, it appears that Defendant is ignoring, avoiding, or otherwise refusing to comply with the Court's orders. Defendant Trelstad has not provided any justification for her failures to comply with Court orders or to appear at hearings. These failures have thwarted the advancement of this case making it difficult for the Court to effectively manage its docket.

**3. Risk of Prejudice**

The actions of an opposing party that impair the ability to go to trial or interferes with the rightful decision of the case are prejudicial. *Cf. Adriana Intern. Corp. v. Thoeren*, 913 F.2d 1406, 1413 (9th Cir. 1990). Defendant's refusal to participate in this case has been willful. Her refusal is highly prejudicial and impairs the ability of Plaintiff to prosecute the case and interferes with the rightful decision of the case.

**4. Public Policy**

"[T]he public policy favoring disposition of cases on their merits strongly counsels against dismissal." *In re Phynylpropanolamine Products Liability Litigation*, 460 F.3d at 1228 (citation omitted). Although this factor may cut against dismissal it is not enough, standing alone, to prevent dismissal.

**5. Less Drastic Sanctions**

The Court must consider the adequacy of less drastic sanctions before imposing dismissal. *Malone*, 833 F.2d at 131 (citation omitted). Three questions facilitate this analysis: (1) are less drastic sanctions available and, if so, why would they be inadequate; (2) were alternative sanctions employed prior to ordering dismissal; and (3) was the party subject to dismissal warned of the possibility of dismissal. *Id.* at 132. Less drastic sanctions would not be effective in this case. Defendant Trelstad has repeatedly demonstrated her willingness to ignore court orders. The Court has made every effort to avoid entering dismissal, including permitting Trelstad to cure her prior failure to appear by appearing at the show cause hearing. Nevertheless, she did not appear at the hearings and continues to frustrate advancement of this case.

Based on the foregoing and good cause appearing therefore,

**RECOMMENDATION**

**IT IS HEREBY RECOMMENDED** that Plaintiff's Motion to Strike Answer of Defendant Angie Trelstad (#65) be **granted** and default judgment be entered against Defendant Trelstad.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.,* 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 10th day of January, 2013.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge